UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD REESE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2802** |
| **SHERIFF MARLIN GUSMAN** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.   Factual Summary**

The plaintiff, Reginald Reese ("Reese"), is incarcerated in the Allen Correctional Center in Kinder, Louisiana. Reese filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 filed against Orleans Parish Criminal Sheriff Marlin Gusman and other unidentified defendants. Reese alleges that he was incarcerated in the House of Detention ("HOD"), a part of the Orleans Parish Prison system, at the time of the events that form the basis of this lawsuit. Reese

seeks monetary damages for the alleged untimely evacuation and unsafe conditions of confinement as a result of Sheriff Gusman's negligence during Hurricane Katrina.

Reese alleges that, on August 29, 2005, water began to rise from the toilets and floor drains on his tier on the sixth floor. He alleges that he called for the tier deputies for help but he was ignored. He complains further that sewerage began spreading throughout his tier. He states that he continued to call out for help and, although no one came, he was told that help was on the way.

Reese alleges that he remained on the fifth floor from August 29, 2005 to midday on September 1, 2006, when he was taken on foot by Louisiana State Penitentiary Officers through flood waters to a bridge. He claims that he was in the jail for that period with no clean clothes, food, drinking water, security, or medical attention or treatment available. He also states that the prison lacked ventilation and was hot. He further complains that the prison staff abandoned their posts to attend to their own families, who were housed elsewhere in the prison.

Reese further states that, once on the bridge, he was left there from 5:00 p.m. to 7:00 p.m. in the heat, without food or water. Once on the bus, he was given a cup of water and a peanut butter sandwich. He states that, when he arrived at Allen Correctional Center on September 1, 2005, he received a shower, clean clothes, lunch, a mattress and clean sheets.

Reese contends that the Sheriff's delay in evacuating him caused him great hardship and violated the Louisiana and the United States Constitutions. He therefore requests a trial by jury and monetary damages for each day he suffered. He also seeks an order to have the Internal Affairs Office, ACLU Directors, and the Attorney General's Office held accountable for the errors committed.

**II.     Standard of Review**

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.     Claims Against Sheriff Gusman**

Reese complains that the evacuation process utilized during Hurricane Katrina was not timely and was negligently performed causing him to suffer without food and water for days.  He

therefore contends that the manner and timing of the evacuation constitutes cruel and unusual punishment.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Reese does not allege that Sheriff Gusman was personally involved in the acts about which he complains or in the evacuation process itself. He has not alleged that Sheriff Gusman was

personally involved in the denial of food before or during the evacuation.  His claims against the Sheriff are in this regard based on a meritless legal theory.

Furthermore, to the extent Reese claims that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous.  Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986).  Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983.  An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm."

*Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Reese has made no such showing of an intentional indifference by Sheriff Gusman.

In addition, Reese has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs, unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). For these reasons, a short term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

Reese has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting from Hurricane Katrina, the largest natural disaster that the United States has experienced in its history. Reese recognizes that the officials realized the risk

of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit not under difficult and unpleasant circumstances.

Without a showing of a deliberate indifference, Reese's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### B.    Claims against the Unidentified Parties

Additionally, Reese attempts to sue unidentified tier deputies. However, he admits that he does not know names of the tier deputies who allegedly went to check on their families during the Hurricane rather than care for him. However, even to the extent that Reese could identify the tier officers, the claims against them are frivolous because he does not allege that he was physically harmed as a result of their absence.

Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In the instant case, Reese does not allege that he sustained a physical injury as a result of the delayed evacuation or the temporary period where he remained in his cell unguarded. His claim that he sustained emotional damages arising out of the manner in which the evacuation took place should therefore be dismissed as frivolous and/or for failure to state a claim for which relief can be granted under 28 U.S.C.§ 1915e(2) and 42 U.S.C. § 1997 (e)(1).

### C.    Claims under the Louisiana Constitution

Reese contends that the actions of the Sheriff and the unidentified tier officers violated his state constitutional rights which also forbids cruel and unusual punishment and otherwise acted

negligently in abandoning the jail and delaying evacuation.  He brings these claims under state law. Specifically, under a broad reading, he brings the claim pursuant to Section 20 of the Louisiana State Constitution which provides that  no law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.  Also, La. Civ. Code art. 2315 *et seq.* provides that a person is liable for any act whatsoever which cause injury to another.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The court is recommending dismissal of  Reese's federal claims in their entirety as frivolous and/or for failure to state a claim for which relief can be granted.  Therefore, his  state law claim should be dismissed without prejudice as the Court declines to exercise its supplemental jurisdiction.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Reese's § 1983 complaint against Sheriff Gusman and the unidentified tier deputies be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Reese's claims arising out of the violation of the Louisiana Constitution and state tort law be **DISMISSED WITHOUT PREJUDICE** as the court declines to exercise supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __23rd__ day of _____June_____, 2006.

                                              **KAREN WELLS ROBY**
                                        **UNITED STATES MAGISTRATE JUDGE**